[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON A MOTION TO DISSOLVE PREJUDGMENT REMEDY OF ATTACHMENT
Facts
On November 17, 1993, the plaintiff Centerbank filed an ex parte prejudgment remedy of attachment against the real property interests of the defendant Dennis Petriella in 35 Pepperwood Lane, Branford based upon a claimed commercial waiver provision set forth in Exhibit A to the plaintiff's complaint.
On December 15, 1993, the defendant filed a motion to dissolve the prejudgment remedy of attachment, which had been granted without a hearing, and claimed that the attachment should be dissolved because of Connecticut Public Act 93-301 (Homestead Exemption Statute). On January 3, 1994, a hearing was held on the motion at which oral argument was presented on the applicability and effect of the Homestead Exemption statute in the above referenced action. At that hearing the parties stipulated for the purpose of analyzing the Homestead Exemption statute that (a) the property had a fair market value of $215,000.00, (b) the existing liens on the property took the form for a consensual first mortgage having an outstanding balance as of December 30, 1993 of $121,830.06, (c) the property is the defendant Dennis Petriella's primary residence and is owner occupied, and (d) the defendant CT Page 1241 Dennis Petriella's wife owns a one-half interest in the property, which interest is not subject to the above referenced action. The obligation for which the attachment was sought was incurred on January 5, 1990.
Following that hearing the court requested memoranda of law which were filed on January 24, 1994. Those memoranda contained unusually well prepared discussions of numerous problems surrounding the interpretation and implementation of Public Act 93-301.
Issue
Should the court, relying on the Homestead Exemption, dissolve the prejudgment remedy of attachment which had been granted ex parte in reliance upon the commercial waiver.
The court answers the question in the negative and refuses to dissolve the ex parte attachment. In the specific fact pattern before the court, the court holds that it is unnecessary to go beyond the language of Public Act 93-301, 3 to answer the question. In that section the legislature provided:
 "This act shall take effect October 1, 1993, and shall be applicable to any lien for any obligation or claim arising on or after said date."
Both the legislative history and the relatively clear language used in the Act appear to make it obvious that the intention of the Legislature was not to affect the ability to obtain a remedy when the obligation or claim was already in existence on October 1, 1993. It wound appear that the Act is simply inapplicable unless the original obligation or claim for which judicial remedy is now sought arose after the effective date of the Act. Not only is this conclusion supported by the legislative history, but it is probably mandated by the federal constitution.
An examination of the legislative history reveals that Representative Holbrook, the State Representative who introduced the legislation stated on the record during the House debate that:
 "[W]e are not talking about anything here that is retroactive, it takes effect on any unsecured loans that occur after the date." CT Page 1242
Remarks of Representative Holbrook at 90-91. (Emphasis added). The court also notes that Connecticut General Statutes 55-3 provide in pertinent part:
 "No provision in the General Statutes, not previously contained in the statutes of the State, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect."
The United States Supreme Court addressed the issue of the retroactive application of a newly enacted Homestead exemption in Edwards v. Kearzey, 96 U.S. 595 (1877). Kearzey concerned the retroactive application of North Carolina's Constitution which provided a $1,000.00 homestead exemption in its Article 10. This retroactive North Carolina application was challenged under Article 1, 10 of the United States Constitution which provided in pertinent part:
 "No state shall pass any impairing the obligations of contracts."
In Kearzey, the obligations at issue were contracted for prior to the effective date of North Carolina's new Constitution. In Kearzey, as in the instant case, no liens had attached to the property until after the effective date of the legislative enactment. Holding that the applicable law was a law in effect at the time the obligation was incurred, United States Supreme Court ruled:
 "[T]he remedy subsisting in a state when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is therefore void." Kearzey, 96 U.S. at 607.
Since the stipulation in the instant case makes it clear that the obligation to which the lien applies was incurred prior to the effective date of PA 93-301 and since the language of the public act, the legislative history and constitutional mandate proscribe its retroactive effect, the public act has no effect on the attachment in question and accordingly the motion to dissolve is CT Page 1243 denied.
While the question before the present court is made relatively easy because of the dates involved, the court is not unmindful of many mine fields which face future courts when attempting to apply P.A. 93-301 to applications for prejudgment remedies for obligations which arose after the effective date of the Act.
The legislative history seems to imply that the Act is intended to provide only an exemption from execution on a lien and protection in bankruptcy. Remarks by Representatives Samowitz and Varese during the floor debates on PA 93-301 seem to support the continuing right to an attachment. See Samowitz at pages 83-84 and Varese at pages 80-81. However the "Summary of 1993 Public Acts" prepared by the office of Legislative Research states:
 "This Act exempts from attachment and post judgment collections the homestead of an individual to a value of $75,000."
Booth, Judge